State of MONTANA, Plaintiff and Counterclaim Defendant,

v.

ATLANTIC RICHFIELD COMPANY, Defendant and Counterclaimant.

No. CV–83–317–H–SEH.

United States District Court, D. Montana, Helena Division.

July 25, 2003.

**ORDER**

HADDON, District Judge.

On May 13, 2003, the Court dismissed, with prejudice, the State of Montana's claim for restoration cost damages at the Upland Areas. Montana has moved the Court, under Fed.R.Civ.P. 54(b), to enter a final judgment on the dismissed claim to permit immediate appeal.

Rule 54(b) certification is proper only if it aids in the expeditious resolution of the case while avoiding piecemeal appeals. *Core–Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1484 (9th Cir.1993). The moving party must demonstrate that certification is appropriate. *Braswell Shipyards, Inc. v. Beazer East, Inc.,* 2 F.3d 1331, 1335 (4th Cir.1993); *Anthuis v. Colt Indust. Operating Corp.,* 971 F.2d 999, 1003 (3d Cir.1992). The decision to grant a Rule 54(b) motion is addressed to the sound discretion of the trial court. *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

The arguments advanced by Montana do not persuade the Court that a Rule 54(b) certification would aid or facilitate expeditious resolution of this case.

ORDERED:

Montana's Rule 54(b) motion is DE-NIED.